UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH MARION HEAD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10522-RGS |
| | ) | |
| STATE OF NORTH CAROLINA | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER

This habeas action was transferred from the Western District of Michigan to this Court.  This Court reviewed the Petition, the Application to Proceed Without Prepayment of Fees and supporting papers, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing § 2254 Proceedings").  For the reasons set forth below, the Application to Proceed Without Prepayment of Fees is denied; the petition is summarily dismissed; and petitioner is advised that the continued filing of meritless actions may warrant an injunction barring him from filing additional lawsuits without the aid and signature of counsel or unless specifically authorized by the Court.

BACKGROUND

On February 23, 2004, Joseph Marion Head, a federal

prisoner[1] now confined to FMC Devens in Ayer, Massachusetts,
filed in the Western District of Michigan his self-prepared
Section 2254 habeas petition accompanied by an Application to
Proceed Without Prepayment of Fees. See Docket, Head v. State
of North Carolina, et al., C.A. No. 4-04-cv-00027-GJQ-HWB
(W.D. Mich. Feb. 23, 2004). On February 26, 2004, petitioner
filed his one-page Motion for Court Order seeking disclosure
of certain information. See Docket No. 3, Head v. State of
North Carolina, et al., C.A. No. 4-04-cv-00027-GJQ-HWB (W.D.
Mich. Feb. 26, 2004). The petition names the State of North
Carolina, the United States of American and Warden Winn as
respondents and seeks to challenge petitioner's 1975 North
Carolina conviction. See Petition, p. 1.

By Order dated March 10, 2004, this action was
transferred to the District of Massachusetts finding that
although venue lies in both North Carolina and Massachusetts,
petitioner is presently incarcerated in Ayer, Massachusetts.
See Docket No. 6, Head v. State of North Carolina, et al.,
C.A. No. 4-04-cv-00027-GJQ-HWB (W.D. Mich. Mar. 10, 2004).
This action was received for filing by this Court on March 16,

_____

[1]Petitioner is now serving a 360-month sentence that was
imposed pursuant to his convictions on nine counts of mailing
threatening communications in violation of 18 U.S.C. § 876.
See United States v. Head, No. 98-cr-102-ALL (W.D. N.C. Sept.
12, 2001).

2

2004.  See Docket, C.A. No. 04-10522-RGS.  The case file
contains several pleadings accompanied by a clerk's notation
that "these [pleadings] were received at various dates & were
about to be rejected - the order of transfer came first."

Petitioner seeks to challenge his North Carolina
conviction for second degree rape and crime against nature, which
conviction was affirmed by the Court of Appeals of North Carolina on
June 15, 1977.  See State v. Head, 33 N.C. App. 494, 235 S.E.2d 423
(1977).  The petition provides a vague description of his
conviction as well as the alleged grounds for relief.  See
Petition, ¶¶ 1-4, 14-17(a).  In response to the nine questions
on the petition concerning his conviction, appeal and post-
trial proceedings, petitioner simply states "see court
records."  See Petition, ¶¶ 5-13, 17(b)-19.  The Petition is
based upon several grounds for relief including allegations
that (1) his conviction was obtained in violation of the laws
or constitutions of the U.S.A. or N.C.," see id. at ¶ 14(A);
(2) the "pre charge statements by victim and witness illegally
obtained and used," see id. at ¶ 14(B); (3) the "alleged
victim and witnesses trial testimony illegal," see id. at ¶
14(C); and (4) "convictions (sic) was illegally obtained as
evident of court records." See Id. at ¶ 14(D).

The Court's investigation, which included a search of

3

PACER, the federal judiciary's electronic public access system, reveals that petitioner has filed dozens of actions in several district courts of the United States.  Mr. Head "has been involved in over 165 cases in the State of North Carolina and over 47 cases in the federal district courts, the majority of which were dismissed as either frivolously filed or filed in violation of pre-filing injunction orders issued by the North Carolina District Courts."  <u>See</u> <u>Head v. Williamson</u>, C.A. No. 5:03-0063 (S.D.W.V. June 30, 2003) (Proposed Findings and Recommendations, Docket No. 6); <u>see</u> <u>also</u> <u>United States v. Head</u>, No. 4:98CR102 (W.D.N.C. Nov. 19, 2002) (Memorandum and Order, Docket No. 87).  Because of his harassing conduct of flooding the Western District of North Carolina with frivolous petitions and motions, Mr. Head was directed to cease such activity and is subject to a pre-filing injunction.  <u>See</u> <u>In re: Joseph Marion Head, Jr.</u>, No. 4:93CV16, 1993 WL 266949 (W.D.N.C. Jan. 27, 1993).

<u>REVIEW</u>

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. <u>McFarland v. Scott</u>, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666  (1994) (citing Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254).  Rule 4 of the Section 2254 Rules

authorizes <u>sua</u> <u>sponte</u> dismissal of a petition "[i]f it plainly
appears from the face of the motion and any annexed exhibits
and the prior proceedings in the case that the movant is not
entitled to relief in the district court...."  Rules Governing
§ 2254 Cases, Rule 4(b), 28 U.S.C. foll. § 2254).  A petition
for a writ of habeas corpus may also be summarily dismissed if it
fails to set forth facts that give rise to a cause of action under
federal law.  28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444,
446 (D. Mass. 1994).

DISCUSSION

I.    <u>The Application to Proceed Without Prepayment of
      Fees</u>

A party filing a habeas corpus petition must either (1)
pay the $5.00 filing fee for habeas corpus actions or (2) file
an application to proceed without prepayment of fees on the
form required by this Court.  <u>See</u> 28 U.S.C. § 1914(a) (fees);
Fee Schedule for the District of Massachusetts; 28 U.S.C. §
1915 (proceedings <u>in</u> <u>forma</u> <u>pauperis</u>).

Although petitioner filed an Application to Proceed
Without Prepayment of Fees and Affidavit, in response to
questions 3-6 he simply directs the Court to "see prison and
court records." <u>See</u> Application, page 2.  Moreover, he failed
to submit a copy of his certified prison account statement.

5

Accordingly, his Application is subject to dismissal.
Ordinarily, a petitioner would be granted additional time to
resubmit his Application.  However, because the petition is
subject to dismissal, he will not be granted additional time
to do so.

    II.  <u>The Habeas Petition</u>

    Petitioner seeks to challenge his state court conviction
of almost 30 years ago.  He is now serving a federal prison
sentence.  In order for this court to have jurisdiction over
petitioner's habeas claim, he must be "in custody in violation
of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2254(a).  In addition, "the statutory language
[requires] that the habeas petitioner be 'in custody' under
the conviction or sentence under attack at the time his
petition is filed."  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91
(1989).  Because petitioner is no longer in custody with
respect to his expired state conviction, he cannot now
challenge his state court conviction pursuant to Section 2254.
<u>Id.</u>

    III.      Abusive Litigants May be Enjoined
         <u>From Filing Claims Without Leave of Court</u>

    A district court has the power to enjoin litigants who
abuse the court system by filing groundless and vexatious
litigation.  <u>Elbery v. Louison</u>, 201 F.3d 427, 1999 WL 1295871

at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). Petitioner is already subject to a pre-filing injunction issued by the United States District Court for the Western District of North Carolina. See In re: Joseph Marion Head, Jr., No. 4:93CV16, 1993 WL 266949 (W.D.N.C. Jan. 27, 1993).

Petitioner is hereby advised that the district court possesses the power to issue monetary sanctions for bad-faith behavior and that the repeated filing of factually and legally deficient actions may be considered a burden on this Court's time and resources warranting injunctive relief. See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. U.S. Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1709 (1st Cir. 1980) (same).

Petitioner is advised that the continued filing of meritless actions may warrant an injunction barring him from filing additional lawsuits without the aid and signature of counsel or unless

specifically authorized by the Court.

<u>ORDER</u>

Petitioner's application for a writ of habeas corpus is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>13th</u> day of <u>May</u>, 2004.


/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

8